**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Marco L. Perez Flores

                    v.                                                    Civil No. 26-cv-364-JL-AJ


Warden, Plymouth County Correctional Facility


**REPORT AND RECOMMENDATION**


Self-represented Petitioner Marco L. Perez-Flores, an immigration detainee, filed an untitled document (Doc. No. 1) in this court which the court has construed as a Petition for a Writ of Habeas Corpus seeking relief under 28 U.S.C. § 2241.  Mr. Perez-Flores is presently incarcerated at the Plymouth County Correctional Facility in Plymouth, Massachusetts ("PCCF") in United States Immigration and Customs Enforcement ("ICE") custody.

The relief the petitioner requests in his Petition arises under § 2241.  Accordingly, he must file his claims in the judicial district where he is currently confined.[1]  See 28 U.S.C. § 2241; see also Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).  This court does not have territorial jurisdiction over PCCF, the petitioner's current place of confinement, or its Warden, Petitioner's immediate custodian.  The federal district court with territorial jurisdiction over the petitioner's habeas claims is the District of Massachusetts.

When a civil action is filed in a court that lacks jurisdiction, the court must transfer the action to the judicial district that would have had jurisdiction over the matter at the

---

[1] To the extent Mr. Perez-Flores asserts a claim concerning the conditions of his confinement at the PFFC, specifically, a denial of access to his legal materials, such claims are also properly asserted in a civil case brought in the District of Massachusetts.

time the case was filed, unless a transfer is not in the interest of justice.  See 28 U.S.C. § 1631.  Nothing in the record here suggests that a transfer is not in the interest of justice.  Accordingly, the district judge should direct the Clerk's office to transfer this matter to the District of Massachusetts, pursuant to § 1631.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

SO ORDERED.

Andrea K. Johnstone
United States Magistrate Judge

May 14, 2026

cc:     Marco L. Perez Flores, pro se